Filed 8/28/24  P. v. Martinez CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. ALEXANDER MARTINEZ, Defendant and Appellant. | B331023 (Los Angeles County Super. Ct. No. BA477963) |

APPEAL from an order of the Superior Court of Los Angeles County, Eleanor J. Hunter, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

A jury convicted defendant and appellant Alexander Martinez of one count of mayhem (Pen. Code, § 203)[1] for attacking and permanently injuring a man in retaliation for an earlier fight.  Martinez contends the trial court abused its discretion by imposing the upper term of eight years in prison, and by imposing a five-year enhancement for a prior serious felony conviction (see § 667, subd. (a)(1)) rather than exercising its authority under section 1385 to strike or dismiss the enhancement.  We find no error and affirm.[2]

## FACTUAL BACKGROUND AND PROCEEDINGS BELOW

During the morning of May 13, 2019, two women in East Los Angeles reported to police that a homeless man, later identified as James Hester, had been harassing and grabbing them as they were walking on the street.  A witness testified that she saw Hester following the two women until Martinez arrived, got out of his car, and began fighting with Hester, apparently trying to defend the two women.  Hester put Martinez in a headlock and threw him to the ground.  Martinez suffered a bump on his head and was bleeding from his ears and nose.  After the fight, he drove away before the police arrived.

---

[1] Unless otherwise specified, subsequent statutory references are to the Penal Code.

[2] Martinez also requests that we review the trial court's conduct of an in camera hearing under *Pitchess* v. *Superior Court* (1974) 11 Cal.3d 531 to determine if the court improperly withheld any documents relating to police misconduct.  We have done so and have not found any error in the trial court's conduct of the hearing.

About two hours later, Martinez attacked Hester at a nearby bus stop. Surveillance cameras showed Hester standing at the bus stop when a car approached and stopped nearby. Martinez exited the car and met up with a second, unidentified man. Martinez and the second man ran up to Hester from behind and attacked him. Martinez punched Hester in the back of the head, causing him to fall and hit his head on the concrete. Martinez kicked or stomped on Hester's chest, and the second man also kicked Hester. Both Martinez and the second man then fled.

Hester sustained serious injuries in the attack and had difficulty breathing afterward. The temporal bone near his ear was fractured, and part of the bone on the left side of his head was removed to treat elevated intracranial pressure and allow fluid to drain from his brain. Hester's father testified that Hester spent months in rehabilitation and had to relearn to feed himself, walk, and talk. He then suffered a massive stroke or seizure, undoing all his progress. At the time of the trial, more than three years after the attack, Hester's right arm and leg were paralyzed, and he remained unable to speak.

The prosecution charged Martinez with one count of attempted murder (§§ 187, subd. (a), 664) and one count of aggravated mayhem (§ 205), and alleged that he had suffered one prior serious felony conviction (§ 667, subd. (a)(1)) and one prior strike conviction (§§ 667, subd. (d), 1170.12, subd. (b)). The prosecution also alleged several aggravating factors regarding the offenses and Martinez's prior criminal history. A jury acquitted Martinez of attempted murder but convicted him of mayhem (§ 203), a lesser-included offense of aggravated

3

mayhem.[3]  Martinez admitted the prior convictions and chose to submit the aggravating factors to trial by the court rather than the jury.

Martinez moved that the court strike his prior serious felony conviction for purposes of sentencing pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, and that it not impose a five-year enhancement under section 667, subdivision (a)(1).  The trial court declined to strike the five-year enhancement, but granted the *Romero* motion and thus did not double the base term of Martinez's sentence, as otherwise would have been required.  (See §§ 667, subd. (e)(1), 1170.12, subd. (c)(1).)  The court found that the prosecution had proved five alleged aggravating factors beyond a reasonable doubt and imposed the upper term of eight years for mayhem, resulting in a total sentence of 13 years.

## DISCUSSION

### A.    The Trial Court Did Not Abuse its Discretion by Imposing the High Term Sentence

Martinez contends the trial court abused its discretion by imposing the high term sentence of eight years for mayhem.  In Martinez's view, the upper term sentence resulted from the court's failure "to properly balance factors in mitigation" against the aggravating factors the court found true.  We are not persuaded.  Martinez has not shown that the trial court's

---

[3] Both mayhem statutes proscribe the infliction of a permanent disability or disfigurement.  Aggravated mayhem differs from ordinary mayhem in that it additionally requires that the defendant intentionally cause such a disability or disfigurement.  (*People v. Park* (2003) 112 Cal.App.4th 61, 64.)

4

" ' "sentencing decision was irrational or arbitrary" ' " (*People v. Carmony* (2004) 33 Cal.4th 367, 376), as is required to overturn a court's discretionary sentencing decision on appeal.

A trial court may not impose an upper term determinate sentence unless "there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).) Furthermore, "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances [such] that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term" when any of several specified mitigating factors was present and "was a contributing factor in the commission of the offense." (*Id.*, subd. (b)(6).)

In the amended information, the prosecution alleged seven factors in aggravation: that "[t]he crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness" (Cal. Rules of Court, rule 4.421(a)(1)); that "[t]he victim was particularly vulnerable" (*id.*, rule 4.421(a)(3)); that "[t]he defendant induced others to participate in the commission of the crime or occupied a position of leadership or dominance of other participants in its commission" (*id.*, rule 4.421(a)(4)); that "[t]he manner in which the crime was carried out indicates planning, sophistication, or professionalism" (*id.*, rule 4.421(a)(8)); that "[t]he defendant has served a prior term in prison or county jail under section 1170[, subdivision] (h)" (*id.*, rule 4.421(b)(3)); that

5

Martinez showed a lack of remorse; and that he was a member of a criminal street gang.[4]

After the jury returned its verdict on the substantive offenses, Martinez requested a court trial on the aggravating circumstances. The prosecutor dismissed the allegation that Martinez was a gang member, and the court found not true the allegation that the circumstances of the crime suggested "planning, sophistication, or professionalism." (Cal. Rules of Court, rule 4.421(a)(8).) The court found that the People had proved the five remaining allegations of aggravating circumstances beyond a reasonable doubt. Martinez does not dispute that substantial evidence supports the court's findings as to these aggravating circumstances.

Martinez's attorney filed a brief arguing that the court should impose the middle or low term sentence in light of several mitigating factors, including childhood trauma Martinez suffered,

---

[4] These last two alleged factors are not aggravating circumstances specifically mentioned in California Rules of Court, rule 4.421(a) and (b), but the prosecution alleged they were relevant under rule 4.421(c), which states that courts may consider as aggravating circumstances "other factors statutorily declared to be circumstances in aggravation or that reasonably relate to the defendant or the circumstances under which the crime was committed," as well as rule 4.408(a), which states that "[t]he listing of factors in these rules for making discretionary sentencing decisions is not exhaustive and does not prohibit a trial judge from using additional criteria reasonably related to the decision being made."

as well as a learning disability.[5]  The trial court stated it was "looking at the mitigating factors that [the attorney] did present in his packet" and did "consider that," but nevertheless found that "the aggravating factors warrant the court giving the defendant the high term."

Martinez argues that the trial court "failed to properly balance factors in mitigation," resulting in an "irrational and arbitrary" decision to impose the high term sentence.  We disagree.  The trial court carefully reviewed the evidence of the aggravating factors, noting that Martinez "coldcocked [Hester] in the head" while he was facing the opposite direction, instantly knocking him out, then stomped on him while he was down.  In addition, the court found that Martinez showed a lack of remorse in a video recording of an interview with police after the incident even when told that Hester might die of his injuries.  Reasonable minds might differ over the importance of Martinez's prior conviction, which occurred many years earlier, or of the significance of his difficult childhood.  But nothing in the court's decision suggests it failed to consider the proper factors, nor that "its decision [was] so irrational or arbitrary that no reasonable person could agree with it," as is required for a showing of abuse of discretion.  (*People v. Carmony*, *supra*, 33 Cal.4th at p. 377.)

---

[5] Because Martinez argued against the imposition of an upper term sentence, we reject the People's argument that Martinez forfeited the argument on appeal.  Martinez's attorney called attention to the mitigating factors at sentencing and requested that the court impose the low or middle term.  We see no justification for requiring him to make a further objection after the trial court rejected his arguments.

**B.    The Trial Court Did Not Abuse its Discretion by Declining to Strike the Five-year Enhancement**

The trial court imposed a five-year enhancement under section 667, subdivision (a)(1) on the ground that Martinez had suffered a prior serious felony conviction for a robbery he committed in 2010.  Martinez argues that the trial court abused its discretion because it failed to apply the correct legal standard in deciding to impose the enhancement.  We disagree.

Section 1385 gives trial courts discretion to strike or dismiss sentence enhancements "if it is in the furtherance of justice to do so" (*id.*, subd. (c)(1)), and provides direction to courts in applying that discretion.  In particular, the statute instructs courts to "consider and afford great weight to evidence offered by the defendant to prove that any of [several] mitigating circumstances . . . are present.  Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety.  'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others."[6]  (*Id.*, subd. (c)(2).)

The statute lists nine potential mitigating factors, three of which Martinez argues apply in this case:  "The current offense is

---

[6] The statute was amended to add the requirement to consider these mitigating factors as a part of Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1) which became effective January 1, 2022.  (See *People v. Anderson* (2023) 88 Cal.App.5th 233, 238, review granted April 19, 2023, S278786.)  Martinez's sentencing hearing took place in 2023, when the new law was in effect.

connected to mental illness" (§ 1385, subd. (c)(2)(D)); "[t]he current offense is connected to prior victimization or childhood trauma" (*id.*, subd. (c)(2)(E)); and "[t]he enhancement is based on a prior conviction that is over five years old" (*id.*, subd. (c)(2)(H)). Martinez argues the trial court erred by failing to "afford great weight" (*id.*, subd. (c)(2)) to these mitigating circumstances, and by not making a finding as to whether "dismissal of the enhancement would endanger public safety" (*ibid.*).

The People argue Martinez forfeited his claim by failing to call the trial court's attention to these mitigating factors. We disagree. Although Martinez's attorney focused at the sentencing hearing on other grounds[7] for striking the enhancement, he filed a motion in advance of the hearing in which he made the same arguments for dismissing the enhancement that he does now. As exhibits to the motion, Martinez included a psychologist's assessment and records regarding Martinez's childhood. Further, during the sentencing hearing, the court referred to the mitigating materials that Martinez's attorney submitted. This was sufficient to preserve the argument on appeal.

Nevertheless, we disagree with Martinez's claim that the trial court abused its discretion by declining to strike the enhancement. The trial court discussed its decision to impose the enhancement only briefly, after explaining in detail its findings on the aggravating and mitigating factors: "Now, with regard to the [enhancement under section] 667 . . . , the court is going to impose the five years, for a total of 13 years. The court recognizes it has the discretion to strike that [enhancement], in

---

[7] Martinez does not renew these arguments on appeal, and we do not address them.

unique circumstances, and also [on] a case-by-case basis; however, in this situation, I don't believe that it is warranted at all. And the court is recognizing its discretion and its ability and declining to exercise that."

Absent evidence to the contrary, "we presume that the trial court followed established law and thus properly exercised its discretion in sentencing a criminal defendant." (*People v. Weddington* (2016) 246 Cal.App.4th 468, 492.) Nothing in the court's statement regarding the enhancement overcomes that presumption. Martinez is correct that the court did not discuss whether "dismissal of the enhancement would endanger public safety" (§ 1385, subd. (c)(2)), but that does not mean the court did not consider the issue. "Error may not be presumed from a silent record." (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1229.) Furthermore, if Martinez believed the court failed to adequately consider the question of his dangerousness or other relevant parts of the statute, he could have called the court's attention to the oversight during the sentencing hearing. Having failed to do so, he may not now complain that the court did not make more robust findings on the record.

As noted above (see Discussion, part A, *ante*), the court did address the mitigating factors when explaining its decision to impose the high-term sentence. We infer the court considered those factors as well when deciding not to strike the enhancement. Furthermore, the presence of mitigating circumstances does not require the court to dismiss an enhancement. (*People v. Walker* (Aug. 15, 2024, S278309) ___ Cal.5th ___, ___ [2024 WL 3819098 at p. *6].) Instead, even if the court concludes dismissal would not endanger public safety, it still "must determine whether dismissal is in furtherance of

10

justice" by balancing the mitigating circumstances against any "substantial, relevant, and credible evidence of aggravating factors." (*Ibid.*)  The court in *People v. Ortiz* (2023) 87 Cal.App.5th 1087 described this approach, in a formulation our Supreme Court later endorsed, as "a holistic balancing with special emphasis on the enumerated mitigating factors." (*Id.* at p. 1096, cited in *People v. Walker*, *supra*, at p. ___ [2024 WL 3819098 at p. *6].)

In this case, the trial court could have reasonably concluded, in light of Martinez's extreme and violent retaliation in which he returned to assault Hester after a relatively minor fight, that dismissing the five-year enhancement from his sentence would indeed endanger public safety.  Alternatively, if the court did not believe dismissing the enhancement would endanger public safety, the court reasonably could have found, even after "afford[ing] great weight" (§ 1385, subd. (c)(2)) to the mitigating factors, that they were insufficient to overcome the numerous and substantial aggravating circumstances in the case, such that imposition of the enhancement was warranted. Because Martinez has not shown that the trial court's decision to impose the enhancement "was irrational or arbitrary" (*People v. Carmony*, *supra*, 33 Cal.4th at p. 376), nor that the court applied an incorrect legal standard, we affirm.

11

## DISPOSITION

The trial court's order is affirmed.

NOT TO BE PUBLISHED

WEINGART, J.

We concur:

BENDIX, Acting P. J.

KELLEY, J.*

---

* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

12